IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

KRISTAN SOLANAS
and others similarly situated,

      Plaintiffs,

v.

BLUE CORN HARVEST, LLC,
JUAN C. MANZANO, and
SANTOS GARCIA,

      Defendants.

_____/

Civil Action No.: 1:25-cv-00714
**COLLECTIVE ACTION**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KRISTAN SOLANAS (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through her undersigned counsel, sues Defendants, BLUE CORN HARVEST, LLC, JUAN C. MANZANO, and SANTOS GARCIA (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

## SUMMARY

1.      Defendants operate four restaurants as an enterprise in the central Texas area under the name Blue Corn Harvest Bar and Grill.   Defendants failed to pay their servers the required federal minimum wage for each hour worked and misappropriated the servers' tips (1) to pay other workers who do not customarily and regularly receive tips, specifically "silverware rollers" and (2) by retaining tips for workers who did not work in violation of

the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 *et seq.*

## INTRODUCTION

2.      This is an action by Plaintiff and others similarly situated against their employers for unpaid wages and tips and liquidated damages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*

## JURISDICTION

3.      This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants have offices in Travis County, Texas.

## THE PARTIES

5.      Plaintiff, KRISTAN SOLANAS, is an individual residing in Williamson County, Texas and worked as a server for Defendants from September 12, 2024 through February 25, 2025.

6.      Defendant, BULE CORN HARVEST, L.L.C., is a limited liability company formed and existing under the laws of the State of Texas and operates a restaurant under the business name Blue Corn Harvest Bar and Grill.

7.      Defendant, JUAN C. MANZANO, is an individual residing in Travis County, Texas, and at all times material to this matter was a managing member of the

defendant limited liability company (hereinafter collectively referred to as "Restaurants").

8.     Defendant, SANTOS GARCIA, is an individual residing in Travis County, Texas, and at all times material to this matter was a managing member of the Restaurants.

9.     Defendants, JUAN C. MANZANO and SANTOS GARCIA are individuals who at all times relevant to this matter acted directly or indirectly in the interest of the Restaurants in relationship to Plaintiff, and others similarly situated. By virtue of these activities, Defendants are joint employers as defined by 29 U.S.C. § 203(d).

10.     Defendants, JUAN C. MANZANO and SANTOS GARCIA, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, Defendants JUAN C. MANZANO and SANTOS GARCIA are statutory employers under the FLSA.

11.     Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff and the class members were employed.

12.     Throughout Plaintiff's employment, the Restaurants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13.     Throughout Plaintiff's employment, the Restaurants were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14.     Throughout Plaintiff's employment, the Restaurants have had employees who have handled goods which were manufactured or grown outside the state of Texas such as imported foods and alcoholic beverages.

15.     The Restaurants were operated under common management and operating policies and procedures.

16.     Throughout Plaintiff's employment, Defendants were the employer of the Plaintiff and others similarly situated and, as a matter of economic reality, Plaintiff and others similarly situated were dependent upon Defendants for their employment.

17.     Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendants' business activities.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

18.     Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 17 above.

19.     Plaintiff and others similarly situated, 1) occupied the position of "server;" 2) did not hold a position considered as exempt under the FLSA; 3) were paid on an hourly basis; 4) had tips unlawfully retained by the Defendants; and 5) were paid below the then-current minimum wage.

20.     At all times material to this claim, the Restaurants applied the tip credit permitted under the FLSA and paid its servers $2.13 per hour.

21.     The Restaurants required its servers to participate in a tip pooling/sharing

arrangement.

22.    Defendants required servers to share $5.00 of their tips with the silverware rollers, which is a position that does not customarily or regularly receive tips.

23.    Defendants also retained a portion of the servers' tips to pay for a "food runner" when, in fact, no food runner was on duty. The portion of the tips retained for the nonexistent food runner was retained by Defendants' manager or managers.

24.    Throughout the employment of Plaintiff and others similarly situated, Defendants repeatedly and willfully violated Sections 6 and 15 of the Fair Labor Standards Act by retaining the tips earned by Plaintiff and others similarly situated, and by failing to compensate Plaintiff and others similarly situated at a rate not less than the current minimum wage of $7.25 an hour for each hour worked in a workweek.

25.    Pending any modifications necessitated by discovery, Plaintiff and those similarly situated preliminarily define this Class as follows:

> ALL CURRENT OR FORMER SERVERS OF BLUE CORN HARVEST BAR AND GRILL WHO WORKED ANY TIME DURING THE PAST THREE YEARS.

26.    This action is properly brought as a collective action for the following reasons:

a.    The Class is so numerous that joinder of all Class Members is impracticable.

b.    Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist.

c.    The claims asserted by Plaintiff are typical of the claims of Class Members

and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.    Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

e.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

f.    The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g.    Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

27.    Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy or plan regarding employee wages and hours.

28.    In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiff in that they have been denied minimum wages and tips while employed by Defendants.

29.    Plaintiff is a representative of these other employees and are acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

30.    Defendants either knew about or showed reckless disregard for the matter of

whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

31.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of retained tips and unpaid minimum wages pursuant to 29 U.S.C. § 216(b).

32.     As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of unlawfully retained tips and minimum wages which was not paid that should have been paid.

33.     Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, KRISTAN SOLANAS, and all others similarly situated, demand Judgment against Defendants, jointly and severally, for the following:

a.     Determining that the action is properly maintained as a class and/or collective action, appointing Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b.     Ordering prompt notice of this litigation to all potential Class Members;

c.     Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d.      Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e.      Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f.      Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g.      Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff and others similarly situated, demand a jury trial on all issues so triable.

Respectfully submitted this May 12, 2025.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621